UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT Q. MCCRANEY,

        Plaintiff,                  No. 12-11082
                                              Hon. Gerald E. Rosen

vs.

BANK OF AMERICA,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Vincent Q. McCraney ("Plaintiff") challenges the purported foreclosure of his home by Bank of America, NA (improperly identified simply as "Bank of America," and hereafter called "Defendant"). Defendant moved to dismiss each of Plaintiffs' four claims under Rule 12(b)(6) or, alternatively, under Rule 56 of the Federal Rules of Civil Procedure.[1] Having reviewed the parties' briefs, the Court find that the

---

[1] Plaintiff suggests in his response brief two additional claims based on fraud and intentional misrepresentation. R.6: Response at 5-6. (Fraud and intentional misrepresentation are largely synonymous in Michigan law; *see Kitterman v. Michigan Educ. Emp. Mut. Ins. Co.*, No. 247428, 2004 WL 1459523 at *3 (June 29, 2004); *Appalachian Railcar Servs., Inc. v. Boatright Enters., Inc.*, 602 F.Supp. 2d 829, 880 (W.D. Mich. 2008)). Even assuming that these claims were actually pled, they must fail because neither was pled with the particularity required under Rule 9(b), which the Sixth Circuit has interpreted to require a description of the specific statements, identification of the speaker, specification of when and where the statement was made and an explanation

allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion.  As such, the Court will decide Defendant's motion on the briefs.  *See* L.R. 7.1(f)(2).  The Court's opinion and order is detailed below.

## II. BACKGROUND

Plaintiff received a loan for $128,676.50 on February 16, 2003, secured by a mortgage on property located at 20189 Cherokee St., Detroit, Michigan.  Plaintiff alleges that foreclosure by advertisement and a sheriff's sale took place on February 2, 2012.[2] Defendant contends that, though it had submitted a notice of sale to Plaintiff indicating the property would be sold on February 2, 2012, it has since adjourned the sale pending disposition of this suit.  *See* R.4-6: Notice of Foreclosure *and* R.4-7: Notices of Adjournment.  Plaintiff filed the instant action in Wayne County Circuit Court on February 3, 2012.  Defendant removed the case to federal court on March 12, 2012 on diversity grounds.  This motion to dismiss was filed on April 2, 2012.

---

of why the statements were fraudulent.  *See* Fed. R. Civ. P. 9(b); *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008).

[2] The original complaint alleged that a sheriff's sale occurred in 2011, and concerned property at 19455 Greenlawn St., Detroit, Michigan.  *See* R.1-3: Complaint at ¶ 4, 9.  Following corrections made in Defendant's motion to dismiss, Plaintiff has adopted the facts as stated above, and so shall the court.

### III. ANALYSIS

**A.      Plaintiff's First Two Claims Are Not Ripe For Adjudication**

Ripeness is a threshold jurisdictional matter which must be determined by the court prior to hearing an action in order to ensure it concerns a proper case or controversy.  See *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 579 (1985). "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed.  This deficiency may be raised *sua sponte* if not raised by the parties." *Bigelow v. Michigan Dept. of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992) (quoting *Southern Pac. Transp. Co. v. Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990)). Particularly, "'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration' must inform any analysis of ripeness." *Union Carbide*, 473 U.S. at 581 (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)).

"In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* at 1039 (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).

Whether the issues raised to the court are fit for judicial decision is dependent on whether they are sufficiently focused without further factual development. *See Cooley v. Granholm*, 291 F.3d 880, 883-84 (6th Cir. 2002). Specifically, "a claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* at 884 (quoting *Union Carbide*, 473 U.S. at 581).

Here, in count one, Plaintiff seeks to quiet title[3] because the Defendant purportedly possesses the property "by way of a Sheriff's Deed" following a foreclosure sale. R.1-3: State Court Complaint, ¶¶ 6, 16. Additionally, in count two, Plaintiff claims Defendant has been unjustly enriched by the sale. R.1-3: State Court Complaint, ¶¶ 19-20. Defendant notes that this sale was postponed pending the outcome of this case, and therefore has not occurred. R.4: Motion to Dismiss at 3. Further, Defendant provides notices of adjournment which indicate the sale was postponed until at least March 29, 2012, indicating that no sale took place on February 2, 2012. R.4-7: Notices of Adjournment. Plaintiff does not assert that these notices are inaccurate, and offers no evidence to indicate that a sheriff's sale of the property has taken place. *See generally* R.6: Response. As such, this claim is not ripe, since adjudication of it "rests upon 'contingent future events that may not occur as anticipated or indeed may not occur at all." *See Cooley*, 291 F.3d at 884 (citation omitted). Therefore, this court lacks jurisdiction to adjudicate these disputes, and these two claims must be dismissed.

---

[3] "Any person . . . who claims any right in . . . land may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." Mich. Comp. Laws § 600.2932(1).

B.     **Count III – Breach of Implied Agreement**

Under the Federal Rules of Civil Procedure, a complaint may be dismissed by the court for "failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). The court, when reviewing such a motion, must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs and Assoc., Inc. v. West Bloomfield Township*, 922 F.2d 328, 330 (6th Cir. 1990). In order to state a claim sufficient to survive a motion to dismiss, however, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citations omitted).

Michigan's statute of frauds states that "a promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan" must be signed and in writing in order to be enforceable against a financial institution. Mich. Comp. Laws § 566.132(2)(b). The language of this statute is unambiguous, and "plainly states that a party is precluded from bringing a claim -- no matter its label -- against a financial institution to enforce the terms of an oral promise. . . ." *Crown Tech Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550 (2000).

Here, Plaintiff's claims must be dismissed for failing to state a claim upon which relief can be granted. Plaintiff asserts that "Plaintiff was to modify the loan or negotiate in good faith a settlement with the Defendants [sic]," and that "Defendant must be ordered to continue the processing of the loan modification or negotiate in good faith a settlement on the subject property so that the Plaintiff can keep possession of his home." R.1-3: State Court Complaint, ¶¶ 22, 26. However, Plaintiff does not assert why Defendant must be ordered to do so, other than basically alleging there was a breach of an implied agreement. As such, the complaint does not contain sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Further, Plaintiff does not even allege that a written modification of the original loan document exists requiring Defendant to continue "processing of the loan modification." The complaint also thus fails to state a claim for breach of implied agreement due to Michigan's statute of frauds. *See* Mich. Comp. Laws § 566.132(2)(b)

### C. Count IV – Breach of Mich. Comp. Laws 3205(c)

Plaintiff also asserts Defendant violated Mich. Comp. Laws § 3205(c) "in that the Defendants [sic] have failed to modify Plaintiff's mortgage," and therefore seeks all legal title to the property. R.1-3: State Court Complaint, ¶ 29, 29(A). This statute does not demand, however, that a lender modify a mortgage. The statute requires the lender to use judicial foreclosure proceedings (rather than foreclosure by advertisement), if the individual has contacted a housing counselor and is eligible for a loan modification. Mich. Comp. Laws § 600.3205c(6). Nowhere does it require that a lender actually

modify a loan or risk violating the statute. Further, the only statutory remedy listed allows a mortgagor to file an action converting the foreclosure action into a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8). Plaintiff does not seek to have a foreclosure converted to a judicial foreclosure, does not indicate he has contacted a housing counselor, and does not allege that he is eligible for a loan modification while the lender seeks to foreclose by advertisement. Plaintiff thus fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth in this opinion, the Court holds that Defendant is entitled to dismissal of all claims in Plaintiff's complaint. Therefore,

IT IS HEREBY ORDERED that Defendant's motion to dismiss [Dkt. #4] is GRANTED.

s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  July 27, 2012

I hereby certify that the foregoing document was served upon counsel of record electronically and/or by U. S. Postal mail.

s/Felicia M. Moses for Ruth Gunther
FELICIA MOSES